IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-40328

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JESUS ALVAREZ-SALINAS

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-785

Before GARZA and DENNIS, Circuit Judges.[*]

PER CURIAM:[**]

Jesus Alvarez-Salinas ("Alvarez") appeals the district court's mandatory minimum sentence imposed pursuant to 21 U.S.C. § 841(b)(1)(B). Alvarez contends that the district court erred in attributing greater than 100 kilograms of marijuana to him for sentencing purposes. For the following reasons, we affirm.

---

[*] This case is being decided by a quorum. See 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

In May 2006, United States Border Patrol agents observed several unknown individuals emerging from the banks of the Rio Grande River carrying large bundles. The Border Patrol agents confronted the individuals, who then ran back towards the river with their bundles. Alvarez was seen carrying one of the bundles and attempted to escape with the other individuals when the Border Patrol Agents arrived. Agents caught Alvarez; but the other individuals eluded capture and swam back to Mexico. At the scene, agents recovered five bundles which contained marijuana weighing, in the aggregate, 132.5 kilograms.

Based on the above facts, the government charged Alvarez with a two-count indictment. Pursuant to a plea agreement, Alvarez pleaded guilty to count two of the indictment and count one was dismissed. Count two provided that Alvarez "did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved a quantity in excess of 100 kilograms of marihuana . . . [i]n violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2." In pleading guilty to this count, Alvarez admitted to being a principal, as well as aiding and abetting the possession of 100 kilograms or more of marijuana. The facts in the preceding paragraph make up the factual basis for Alvarez's guilty plea. Alvarez stipulated to these facts and did not challenge the factual basis for his plea.

Pursuant to 21 U.S.C. § 851 and 28 U.S.C. § 994(h), the Government filed an information of prior conviction to notify Alvarez that he was subject to a sentencing enhancement under § 841(b) based upon a prior felony conviction for possession with intent to distribute marijuana. Alvarez stipulated to his prior conviction.

Alvarez's plea agreement indicated that his pleading guilty to a violation of § 841(a) involving greater than 100 kilograms of marijuana, coupled with his

prior conviction, triggered a statutory mandatory minimum sentence of 10 years. See 21 U.S.C. § 841(b)(1)(B).[1] Section 841(b)(1)(B) also mandated an eight-year term of supervised release.

At rearraignment, Alvarez again admitted his prior drug conviction. The district court twice indicated to Alvarez that his stipulation to the prior conviction would enhance his minimum sentence from five years to ten years under § 841(b)(1)(B). Also, Alvarez agreed with the district court's recitation of the facts that made up the basis for his plea, including the fact that the quantity of marijuana involved was "roughly 132 [kilograms]." Alvarez raised no objections at rearraignment.

The pre-sentence investigation report ("PSR") assessed a based offense level of 26 pursuant to United States Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(7) (2005), attributing 132.5 kilograms of marijuana to Alvarez. Since there were no adjustments, Alvarez's total offense level was 26. Coupled with Alvarez's criminal history score of II, the Guidelines' range of imprisonment was 70-87 months. However, because the applicable mandatory minimums were greater than the Guidelines range, the mandatory minimums became the applicable Guidelines sentence. See USSG §§ 5G1.1(b) & 5D1.2(c). Alvarez raised no objection to the PSR.

At the sentencing hearing, after again admitting to his prior drug conviction, Alvarez stated, "I thought that I was going to be judged for the amount I was carrying, but I wasn't thinking that I was going to be judged for

---

[1] 21 U.S.C. § 841(a) makes it illegal to possess with the intent to distribute a controlled substance. Section 841(b)(1)(B) provides:

In the case of a violation of subsection (a) of this section involving . . .

(vii) 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana . . .

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . [but] [i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment.

the whole load." The district court stated that Alvarez should not be surprised at this point because the count to which he pleaded alleged that his offense involved more than 100 kilograms, the plea agreement stated that Alvarez was facing a 10-year mandatory minimum, and the court had gone over the factual basis for his plea and advised him of the statutory penalties at rearraignment. The district court then explained, "that if two or three people get together and they're working together and they're crossing over and they each have a bag . . . they're all liable for the whole. Because after all, it is one idea; the idea is to get these bundles across the river, working together." The district court adopted the PSR and attributed 132.5 kilograms of marijuana to Alvarez for sentencing purposes. The district court sentenced Alvarez to the mandatory minimums under § 841(b)(1)(B) of 120 months' imprisonment and eight years' supervised release. Aside from the above statement, Alvarez raised no objections at sentencing.

## II

On appeal, Alvarez challenges the drug quantity attributed to him for sentencing purposes.[2] He contends that the district court erred by attributing 132.5 kilograms or the "whole load" to him, and that for purposes of determining the appropriate statutory penalty under § 841(b), a defendant may only be sentenced based on the drugs personally possessed by him, in this case, the single bundle that Alvarez carried across the border. To support his argument, Alvarez cites authorities instructing district courts to determine statutory drug quantities based solely on the defendant's offense conduct, as opposed to utilizing Guidelines concepts such as relevant conduct. See United States v.

---

[2] Alvarez also challenges the constitutional rule announced in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that the fact of a prior conviction used to enhance a sentence need not be submitted to a jury or found beyond a reasonable doubt. We have recognized that such challenges are foreclosed by Almendarez-Torres. See United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert filed (Aug. 28, 2007) (No. 07-6202).

Mergerson, 4 F.3d 337, 345-46 (5th Cir. 1993); United States v. Santos, 195 F.3d 549, 551 (10th Cir. 1999), abrogated on other grounds by United States v. Jones, 235 F.3d 1231, 1237 (10th Cir. 2000).

The above authorities are not inconsistent with Alvarez's sentence. The drugs attributed to Alvarez were not based on relevant conduct, but on the offense to which Alvarez pleaded guilty: namely a violation of § 841(a) whereby he possessed or aided and abetted possession of greater than 100 kilograms of marijuana. The factual basis to which he stipulated showed that 132.5 kilograms were involved in his offense, that Alvarez was part of a group of individuals that crossed the Rio Grande together with similar bundles of marijuana, and that they all attempted to flee together. Based on the count to which Alvarez pleaded guilty, the facts to which he stipulated, and his admissions at rearraignment, Alvarez sealed his fate with respect to the statutory penalties under § 841(b). The district court did not have discretion at sentencing to find new facts in order to undo Alvarez's admissions or avoid application of the mandatory minimum. In sum, the offense to which Alvarez pleaded guilty and his stipulation regarding his prior drug conviction mandated application of the 10-year minimum under § 841(b)(1)(B).

For the foregoing reasons, we AFFIRM the district court's sentence.