# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2010

Lyle W. Cayce
Clerk

No. 09-10708
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN GUAJARDO, also known as Guerro G.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-98-11

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ruben Guajardo appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute Schedule II controlled substances (more than 5 kilograms of cocaine and 500 grams of a mixture of methamphetamine), in violation of 21 U.S.C. §§ 841 and 846.[1] Guajardo was sentenced to the mandatory minimum sentence of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] On appeal, Guajardo does not raise any issues concerning the sentences imposed for his guilty plea convictions for three counts of unlawful use of a communication facility to

10 years under 21. U.S.C. § 841(b)(1)(A). After imposing that penalty, the district court stated that, even if the 10-year minimum penalty were not applicable, it would have imposed the same term of imprisonment.

Guajardo first contends that the district court erred by finding the 10-year mandatory minimum penalty of § 841(b)(1)(A) applicable. Guajardo is correct. For sentencing purposes, a defendant is accountable only for the drug quantity "with which he was directly involved, and all reasonably foreseeable quantities of marijuana" within the scope of the joint criminal activity. *See* U.S.S.G. § 1B1.3, comment. (n.2). The presentence report, which was adopted by the district court, determined that the drug quantity attributable to Guajardo was the equivalent of 300.51 kilograms of marijuana. That is less than the threshold quantity (1,000 kilograms of marijuana) necessary for triggering the 10-year statutory minimum penalty. Thus, the 10-year mandatory minimum penalty of § 841(b)(1)(A) was not applicable. *See id.*

Guajardo next insists that the district court's alternative upward departure sentence of 120 months of imprisonment pursuant to U.S.S.G. § 4A1.3 is unreasonable. Although sentencing decisions are generally reviewed for abuse of discretion, *see Gall v. United States*, 128 S. Ct. 586, 594-96 (2007), plain error review applies here because Guajardo did not preserve this issue for appeal. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009) (citing *United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 & n.1 (5th Cir. 2007); *United States v. Peltier*, 505 F.3d 289, 390-92 (5th Cir. 2007)).

To succeed on plain error review, Guajardo must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Then, if Guajardo succeeds in making such a showing, we only have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

---

facilitate a drug felony.

Guajardo has not shown that the district court clearly erred when deciding to upwardly depart pursuant to § 4A1.3. After reviewing Guajardo's criminal history and considering an advisory sentencing guidelines range of 84 to 105 months of imprisonment, the district court stated that an upward departure under § 4A1.3 was necessary because of the "inadequacy" of Guajardo's criminal history category of IV and Guajardo's history of violence. The district court also stated that a sentence of 120 months of imprisonment was the most appropriate and reasonable sentence in Guajardo's case and was "necessary to achieve the Court's sentencing objectives of punishment, deterrence, and protection of the public." Given Guajardo's long and violent criminal history, the district court did clearly err when it made an upward departure pursuant to § 4A1.3. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir.2006).

Neither has Guajardo shown that the district court erred in determining the extent of the departure. Following the direction of § 4A1.3(a)(4)(A), the district court moved incrementally across the sentencing table to the next higher criminal history category of V, which has an advisory sentencing guidelines range of 100 to 125 months of imprisonment. The district court imposed a sentence of 120 months of imprisonment, within category V's range and 15 months greater than the high-end of the guidelines sentence range applicable in the absence of the upward departure. U.S.S.G., Ch. 5, Pt. A, Sentencing Table. Given Guajardo's extensive and violent criminal record, he has not shown that the extent of the departure was clearly erroneous or that the sentence was unreasonable. *See Zuniga-Peralta*, 442 F.3d at 346-48; *United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004); *United States v. McKenzie*, 991 F.2d 203, 205 n.7, 206 n.8 (5th Cir. 1993).

Furthermore, Guajardo's assertion that the district court improperly relied on factors already incorporated by the Guidelines is meritless. The district court is "free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, either as applied in a particular

case or as a matter of policy." *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008); *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

Moreover, Guajardo's claim that some of his prior convictions were double counted, also meritless. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337 (5th Cir. 2008); *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001) (noting that double-counting is not generally prohibited but must be expressly forbidden by the particular guideline at issue).

AFFIRMED.