# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

--------

No. 12-31193

--------

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RANDY L. RANDALL

Defendant-Appellant.

--------

Appeal from the United States District Court
for the Western District of Louisiana

--------

Before DAVIS, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:

Randy L. Randall pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1), in violation of 21 U.S.C. §§ 841(a)(1)[1] and 846, and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 24). As part of a signed "Factual Basis," he admitted that the facts therein were sufficient to support the conspiracy charge and that the "overall

--------

[1] 21 U.S.C. § 841(a)(1) provides: "(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally-- (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; . . ."

No. 12-31193

scope" of the conspiracy involved five kilograms or more of cocaine. However, the Factual Basis stated that only 148.8 grams of cocaine and 35.2 grams of cocaine base had been seized from the apartment where Randall was arrested. At rearraignment, Randall admitted that he did "knowingly and intentionally conspire and agree together [with other persons] to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detect[a]ble amount of cocaine." He also was advised that he faced a sentence of 10 years to life.[2]

The PSR found that, although the overall drug amount involved in the conspiracy was five kilograms or more of cocaine, Randall's own "responsibility and knowledge in this case was limited to 148.8 net grams of powder cocaine, and 35.2 net grams of crack cocaine."[3] Based on that drug amount, the PSR calculated a Guidelines range of 70 to 87 months of imprisonment. However, the PSR concluded that the statutory mandatory minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A)(ii) was required.

At sentencing, the district court "accept[ed] the findings of the probation office." Although the district court noted the applicable Guidelines range of 70 to 87 months, it concluded that it was required to impose the statutory minimum sentence of 120 months for Count 1. Thus, Randall was sentenced above the calculated Guidelines range to the statutory mandatory minimum of 120 months of imprisonment on Count 1 and a consecutive mandatory sentence

---

[2] *See* 21 U.S.C. § 841(b)(1)(A)(ii) (providing 10-year mandatory minimum sentence for offenses involving five kilograms or more of cocaine).

[3] The PSR converted these drug amounts to a single marijuana equivalency of 155.46 kilograms.

2

No. 12-31193

of 60 months of imprisonment on Count 24. He filed a timely notice of appeal. He now argues for the first time on appeal that the district court erred by imposing the statutory mandatory minimum sentence for Count 1.

For the reasons set out below, we VACATE the sentence and REMAND for resentencing consistent with this opinion.

## DISCUSSION

In *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000)*,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt,"[4] or, under *Blakely v. Washington*, 542 U.S. 296, 303 (2004)*,* admitted by the defendant.  In *Alleyne v. United States,* 133 S. Ct. 2151, 2158 (2013), the Supreme Court extended this holding to facts that increase the mandatory minimum sentence, as in this case. The issue in this appeal is whether or not Randall should be sentenced based on the amount of drugs attributable to the conspiracy as a whole or only on the amount attributable to him individually.

Because Randall failed to preserve this objection, review of this issue is for plain error only. To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights.[5] If he makes such a showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"[6]

---

[4] 530 U.S. at 490.
[5] *See Puckett v. United States*, 556 U.S. 129, 135 (2009).
[6] *Id.* (alteration in original) (quoting *United States v. Olano,* 507 U.S. 725, 736 (1993)).

No. 12-31193

In the wake of *Alleyne*, we recently addressed a drug conspiracy case whose reasoning is helpful here. In *United States v. Daniels*, 723 F.3d 562 (5th Cir. 2013), *modified in part on rehearing*, 729 F.3d 496, the defendants were charged with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. Section 841(a)(1) makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Section 841(b)(1)(A)(ii) provides a statutory mandatory minimum of at least 10 years of imprisonment for offenses involving five kilograms of cocaine or other enumerated substances. Section 846 provides: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

The jury returned a guilty verdict finding that the conspiracy involved five kilograms or more of cocaine, and each of the defendants was sentenced in accordance with § 841(b)(1)(A)(ii).

> Prior to sentencing, the district court conducted a hearing on drug quantity in which all defendants participated. At the hearing, the district court noted that the jury had found all of the defendants guilty of conspiring to distribute five kilograms or more of cocaine. Believing that not making a drug quantity finding as to each defendant could lead to problems on appeal, or could cause future complications depending on potential revisions to the sentencing guidelines, the defendants, led by Thomas, urged the court to make such findings. The defendants also acknowledged that

4

No. 12-31193

the five kilogram amount was found by the jury beyond a reasonable doubt, and was a floor for sentencing purposes. In response to the defendants' concern regarding drug quantity, the Government agreed to stipulate that the offenses involved five kilograms of cocaine. All defendants agreed to stipulate to this amount for the limited purpose of sentencing. Each defendant also reserved his or her right to argue sufficiency of the evidence on appeal with respect to the quantity of cocaine proved at trial.

All defendants except Thomas had prior felony drug convictions, which mandated enhanced mandatory minimum sentences.[7]

Most of the defendants were sentenced to statutory minimum sentences under § 841(b)(1)(A)(ii) which were above the otherwise applicable Guidelines range.[8]

On appeal, all defendants argued "that the evidence was insufficient to establish that they entered into a conspiracy to possess with intent to distribute five or more kilograms of powder cocaine (Count 1)."[9] We set out the applicable standards, which apply equally to the instant case:

> To prove conspiracy under 21 U.S.C. § 846, the government must establish that: "(1) an agreement existed between two or more persons to violate federal narcotics law, (2) the defendant knew of the existence of the agreement, and (3) the defendant voluntarily participated in the conspiracy." *United States v. Ochoa*, 667 F.3d 643, 648 (5th Cir. 2012).

---

[7] 723 F.3d at 567-58.

[8] *Id.* at 568.

[9] *Id.* at 570.

No. 12-31193

> However, "if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the [drug] quantity must be stated in the indictment and submitted to the [fact finder] for a finding of proof beyond a reasonable doubt." *United States v. Doggett*, 230 F.3d 160, 164–65 (5th Cir. 2000). In the instant case, the Government sought enhanced penalties on the conspiracy charge under § 841(b)(1)(A)(ii). In accordance with *Doggett,* the indictment alleged that the conspiracy involved at least five kilograms of cocaine. If an indictment alleges involvement in a conspiracy to distribute an amount of a controlled substance that triggers enhanced penalties under §§ 841(b)(1)(A) or (B), then *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), requires the Government to prove beyond a reasonable doubt the quantity of the alleged drug as a fourth element of the offense. *See United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003).[10]

In *Daniels*, although the jury found in its verdict that the conspiracy involved five or more kilograms of cocaine, we concluded, after reviewing the evidence presented at trial, that "we are not persuaded that the Government proved a conspiracy involving at least five kilograms of cocaine beyond a reasonable doubt."[11] However, we explained that failure to prove the amount charged "does not undermine the conviction. Rather, it only affects the sentence."[12] Specifically, we cited cases from other circuits which distinguished the formal "elements" of offenses under §§ 841(a)(1) and 846 from "drug

---

[10] *Id.* at 570.

[11] *Id.* at 572.

[12] *Id.* (citing *United States v. Rolon–Ramos*, 502 F.3d 750, 754–55 (8th Cir. 2007), and *United States v. Gomez–Rosario*, 418 F.3d 90, 104 (1st Cir. 2005)).

quantity and type," which the Ninth Circuit "described as a 'functional equivalent of an element' for *Apprendi* purposes."[13] Although, prior to *Daniels*, we had not "expressly stated the principle that failure to prove drug quantity or type does not undermine a conviction under § 841(a)(1) and § 846," at least one prior Fifth Circuit case implicitly endorsed the "functional equivalents" view.[14] We reiterated:

> Thus, where a defendant may be subject to enhanced statutory penalties because of drug quantity or type, the requisite fourth "element" under *Apprendi* is not a formal element of the conspiracy offense. Hence, defendants' challenges to the quantity of cocaine charged in Count 1 of the indictment does not go to the validity of their convictions, but rather to the sentence that the district court may impose.[15]

We therefore concluded that district court had wrongfully imposed the statutory mandatory minimum sentences based on five kilograms or more of cocaine in violation of *Apprendi* and *Alleyne*:

> In sum, although the Government did not prove the five kilogram quantity alleged, this failure does not invalidate defendants' conspiracy convictions; rather, it only affects the sentence. We are mindful of the Supreme Court's recent clarification in *Alleyne v. United States* that "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." ——— U.S. –

---

[13] *Id.* at 572-73 (quoting *United States v. Toliver*, 351 F.3d 423, 430-31 (9th Cir. 2003), *abrogated on other grounds by Blakely v. Washington*, 542 U.S. 296 (2004)); *see also United States v. Collins*, 415 F.3d 304 (4th Cir. 2005) (discussed in *Daniels*).

[14] 723 F.3d at 573 (citing *United States v. Hayes*, 342 F.3d 385 (5th Cir. 2003)).

[15] *Id.*

&ndash;&ndash;, 133 S. Ct. 2151, 2162, 186 L. Ed. 2d 314 (2013). Here the five kilogram quantity of cocaine, which would have aggravated the punishment, was submitted to and found by the jury. As discussed above, we found the evidence insufficient to support the five kilogram finding. In remanding for resentencing under § 841(b)(1)(B)(ii), we acknowledge that the way the verdict form was structured, the jury did not have an opportunity to make an explicit finding that 500 grams or more of cocaine were involved in the conspiracy. Even so, we are confident that the jury's finding that 5 kilograms of cocaine were involved also encompassed a jury finding that the lesser quantity of 500 grams or more was involved. Thus resentencing under § 841(b)(1)(B)(ii) is appropriate.[16]

Thus, in both *Daniels* and the instant case, the defendants were charged under the same statutes for a conspiracy involving five or more kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 846. The main difference is that the issue in *Daniels* was whether the jury had sufficient evidence to find that the aggregate amount involved in the conspiracy as to all defendants was five kilograms or more, while the issue here is whether Randall actually pleaded guilty to facts requiring the statutory minimum sentence for five kilograms or more of cocaine under § 841(b)(1)(A)(ii).

The Government concedes that the drug quantity in a conspiracy case must be proved beyond a reasonable doubt or admitted by the defendant under *Alleyne*, but it argues that under *United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003), Randall must be sentenced based on the quantity attributable

---

[16] *Id.* at 574.

to the entire conspiracy, not just to him. *Turner* does not stand for that proposition. Rather, *Turner* stated that once the Government made a showing that the entire conspiracy involved a certain drug quantity for the conviction, "at sentencing, it need only *prove the drug quantity attributable to Turner* by a preponderance of the evidence (provided that his sentence falls within the statutory maximum made applicable by the fact finder's conspiracy-wide drug quantity determination)."[17] Thus, even in *Turner* the Government had to demonstrate the amount attributable to a particular defendant for sentencing purposes.[18] Moreover, under *Alleyne*, the imposition of a statutory mandatory minimum sentence requires that the drug quantity be proved beyond a reasonable doubt or admitted by the defendant.

Indeed, we have expressly reached that conclusion in two unreported cases, *United States v. Guajardo,* 391 F. App'x 384, 386 (5th Cir. 2010), and *United States v. Gurrusquieta,* 54 F. App'x 592 (5th Cir. 2002). Both of these cases ultimately were decided on other grounds, but the reasoning is sound. In *Guajardo,* the district court sentenced the defendant to both the 10-year statutory mandatory minimum under § 841(b)(1)(a) and, in the alternative, the same 10-year sentence in an upward departure from the otherwise applicable

---

[17] 319 F.3d at 723 (footnote omitted, emphasis added).

[18] The Government also cites *United States v. Alvarez-Salinas*, 292 F. App'x 368 (5th Cir. 2008) for the proposition that a defendant "seal[s] his fate" by pleading guilty to a charge, but we specifically noted that "*the drugs attributed to Alvarez* were not based on relevant conduct, but on the offense to which Alvarez pleaded guilty: namely a violation of § 841(a) whereby he possessed or aided and abetted possession of greater than 100 kilograms of marijuana. *The factual basis to which he stipulated showed that 132.5 kilograms were involved in his offense . . . .*" *Id.* at 371 (emphasis added). The sentence necessarily depends on the facts actually admitted by the defendant or found by a jury beyond a reasonable doubt.

No. 12-31193

Guidelines range. The defendant challenged both the statutory mandatory minimum sentence and the alternative upward departure from the Guidelines range. We concluded the defendant was correct in his challenge to the statutory minimum:

> Guajardo first contends that the district court erred by finding the 10-year mandatory minimum penalty of § 841(b)(1)(A) applicable. Guajardo is correct. For sentencing purposes, a defendant is accountable only for the drug quantity "with which he was directly involved, and all reasonably foreseeable quantities of marijuana" within the scope of the joint criminal activity. *See* U.S.S.G. § 1B1.3, comment. (n.2). The presentence report, which was adopted by the district court, determined that the drug quantity attributable to Guajardo was the equivalent of 300.51 kilograms of marijuana. That is less than the threshold quantity (1,000 kilograms of marijuana) necessary for triggering the 10-year statutory minimum penalty. Thus, the 10-year mandatory minimum penalty of § 841(b)(1)(A) was not applicable. *See id.*[19]

We ultimately concluded that the district court did not err in the alternative above-Guidelines sentence.[20]

In *Gurrusquieta*, we concluded that the district court erred in imposing the statutory mandatory minimum sentence for similar reasons:

> As our review of the record shows, it is not readily apparent why the district court believed the mandatory ten-year minimum was applicable. Part of the confusion may stem from the fact that, in Count 1, Juan was indicted for conspiring to distribute in excess

---

[19] 391 F. App'x at 386.
[20] *Id.* at 386-87.

10

No. 12-31193

of 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), which carries a mandatory minimum sentence of 10 years. Juan's conviction under § 846, however, does not automatically trigger the mandatory minimum sentence found in § 841(a)(1). For sentencing purposes, a defendant is only accountable for all quantities of the marijuana with which he was directly involved, and all reasonably foreseeable quantities of marijuana that were within the scope of the criminal activity that he jointly undertook. See U.S.S.G § 1B1.3, comment. (n.2). In other words, an individual convicted of conspiring to distribute at least 1,000 kilograms of marijuana under 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii) is not necessarily subject to the ten-year minimum. Only if the defendant is responsible for at least 1,000 kilograms, as determined by the Sentencing Guidelines, does the mandatory statutory minimum apply. The district court was therefore incorrect, insofar as it determined that 1,067 pounds (or 483 kilograms) required a ten-year mandatory minimum.[21]

Nevertheless, we concluded that the defendant in *Gurrusquieta* could not establish plain error because the erroneous statutory mandatory minimum fell within the otherwise applicable Guidelines range and therefore did not entitle the defendant to resentencing.[22] Two sister circuits have applied the same rule as *Guajardo* and *Gurrusquieta*.[23]

---

[21] 54 F. App'x 592, at *3.

[22] *Id.* (citing *United States v. Leonard,* 157 F.3d 343, 346 (5th Cir. 1998)).

[23] *See United States v. Cox,* 565 F.3d 1013, 1017 (6th Cir. 2009), and *United States v. Colon-Solis,* 354 F.3d 101, 103 (1st Cir. 2004).

11

No. 12-31193

With these cases in mind, this case is easily resolved. Randall's case is similar to both *Guajardo* and *Gurrusquieta.* As in those cases, Randall was found guilty on a conspiracy charge in which the overall conspiracy involved a sufficient amount of drugs to trigger an increased mandatory minimum penalty under §§ 841 and 846. However, as in those cases, the Factual Basis and PSR only attributed a lesser quantity of drugs to Randall (148.8 grams of powder cocaine and 35.2 grams of cocaine base), which would not be sufficient to trigger the statutory mandatory minimum sentence. The district court expressly adopted the facts set out in the PSR.

Accordingly, we conclude that the district court plainly erred in imposing the mandatory minimum sentence. Given the disparity between the otherwise applicable Guidelines range of 70 to 87 months and the erroneously applied 120-month statutory mandatory minimum the district court applied, we conclude that the error affects Randall's substantial rights, and failure to correct the error would "seriously affect the fairness, integrity, or public reputation of judicial proceedings."[24]

## CONCLUSION

For the reasons set out above, we VACATE and REMAND for resentencing consistent with this opinion.

---

[24] *United States v. Atkinson*, 297 U.S. 157, 160, 56 S. Ct. 391, 392, 80 L. Ed. 555 (1936).