# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-31193

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RANDY L. RANDALL,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-317

Before DAVIS and ELROD, Circuit Judges. [*]

PER CURIAM: [**]

We *sua sponte* withdraw the prior panel opinion, *United States v. Randall*, 770 F.3d 359 (5th Cir. 2014), and substitute the following:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] This opinion is being entered by a quorum of this court pursuant to 28 U.S.C. Section 46(d).

No. 12-31193

Randy L. Randall pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 24). As part of a signed "Factual Basis," he admitted that the facts therein were sufficient to support the conspiracy charge, that the "overall scope" of the conspiracy involved five kilograms or more of cocaine, and that 148.8 grams of cocaine and 35.2 grams of cocaine base had been seized from the apartment where he was arrested.

At Randall's rearraignment, the district judge confirmed that he understood the contents of the plea agreement and the consequences of pleading guilty, including a "maximum sentence, on Count 1, not less than 10 years nor more than life."[1] After reviewing the Factual Basis, the district court asked, "Did you . . . , with other persons, knowingly and intentionally conspire and agree together to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detect[a]ble amount of cocaine?" Randall replied, "Yes." Based on Randall's Factual Basis and his unequivocal admission that he conspired to possess with intent to distribute five kilograms or more of cocaine, the district judge accepted his guilty plea and entered a judgment of guilty.

Randall's first appointed attorney withdrew shortly after his conviction. Nearly four months later and less than a month before sentencing, Randall

---

[1] *See* 21 U.S.C. § 841(b)(1)(A)(ii) (providing 10-year mandatory minimum sentence for offenses involving five kilograms or more of cocaine).

filed a pro se motion to withdraw his guilty plea claiming that he was "was frightened into accepting a plea bargain on the basis that he otherwise faced a term of life in prison, which he has since found to be untrue." He filed a second pro se motion approximately one week before his sentencing date, claiming for the first time that one of the co-defendants had admitted that "he used Randall to stash cocaine in Randall's apartment without Randall know[ing] it" and that his first attorney had been ineffective.

The PSR found that, although the overall drug amount involved in the conspiracy was five kilograms or more of cocaine, Randall's own "responsibility and knowledge in this case was limited to 148.8 net grams of powder cocaine, and 35.2 net grams of crack cocaine."[2] Based on that drug amount, the PSR calculated a Guidelines range of 70 to 87 months of imprisonment. However, the PSR concluded that the statutory mandatory minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A)(ii) was required.

The court held a hearing on Randall's motion on November 8, 2012, at which Randall was represented by a new attorney. The district judge concluded that Randall had not met any of the *Carr* factors which might support withdrawing his guilty plea.[3] Though the judge noted that Randall did assert

---

[2] The PSR converted these drug amounts to a single marijuana equivalency of 155.46 kilograms.

[3] These factors are:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of

No. 12-31193

his actual innocence, he had waited until just before sentencing to do so, and the judge "went over that pretty thoroughly on the Rule 11 colloquy." The judge gave Randall the opportunity to speak, and Randall raised some issues concerning his first attorney. The district judge explained that, while Randall might eventually seek relief under 28 U.S.C. § 2255 for ineffective assistance of counsel, he could not withdraw his guilty plea. The district judge therefore denied Randall's motions and sentenced him based on the facts he admitted when entering his guilty plea and the "findings of the probation office."

The district court noted the applicable Guidelines range of 70 to 87 months but concluded it was required to impose the statutory mandatory minimum sentence of 120 months for Count 1. Thus, Randall was sentenced to 120 months of imprisonment on Count 1 and a consecutive mandatory sentence of 60 months of imprisonment on Count 24. He filed a timely notice of appeal. He now argues for the first time on appeal that the district court erred by imposing the statutory mandatory minimum sentence for Count 1. For the reasons set out below, we affirm the sentence.

## DISCUSSION

In *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000)*,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

---

counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources....

*United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014) (quoting *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984) (footnotes omitted)).

4

submitted to a jury, and proved beyond a reasonable doubt,"[4] or, under *Blakely v. Washington*, 542 U.S. 296, 303 (2004), admitted by the defendant. In *Alleyne v. United States,* 133 S. Ct. 2151, 2158 (2013), the Supreme Court extended this holding to facts that increase the mandatory minimum sentence, as in this case. The issue in this appeal is whether Randall should be sentenced based on the amount of drugs attributable to the conspiracy as a whole or only on the amount attributable to him individually.

Randall's unequivocal admission at his plea colloquy that he did "knowingly and intentionally conspire and agree together [with other persons] to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detect[a]ble amount of cocaine" is fatal to his argument.

Randall's contention that his involvement in the conspiracy was for less than five kilograms was presented for the first time in a motion to withdraw his guilty plea filed approximately one week before sentencing, long after the district court accepted his guilty plea. His late assertion that one of his co-conspirators "used Randall to stash cocaine in Randall's apartment without Randall know[ing] it" was not only inconsistent with his earlier unequivocal admission of guilt, but also inconsistent with the PSR's finding that Randall at least had responsibility for and knowledge of the drugs found in his apartment. Randall does not challenge the district court's ruling that he failed to satisfy the *Carr* factors to prevail on his motion to withdraw his plea, so we must accept that decision.

---

[4] 530 U.S. at 490.

No. 12-31193

We therefore conclude that Randall's unequivocal admission of guilt is sufficient to support his sentence. As the district court noted, Randall may well end up filing for relief under 28 U.S.C. § 2255, but the outcome here is required on the record before us.

## CONCLUSION

For the reasons set out above, we AFFIRM the sentence.