# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51202
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CONNOR PHILLIP KOSS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-44-3

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Connor Phillip Koss pleaded guilty to one count of conspiracy to possess with the intent to distribute in excess of 50 kilograms of marijuana and one count of aiding and abetting possession with the intent to distribute in excess of 50 kilograms of marijuana. He was sentenced to a within-guidelines prison term of 121 months on each count, to be served concurrently. On appeal, he argues that the district court erred when it calculated his base offense level,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51202

because only the portion of the marijuana butter which was pure tetrahydrocannabinol (THC), not the weight of the entire substance, should have been counted.  As Koss raised this objection below, we review the district court's calculation of the quantity of drugs involved in the offense for clear, rather than plain, error.  *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

Although the Guidelines do not include specific guidance for marijuana butter, neither marijuana nor THC is one of the controlled substances for which the Guidelines state that the relevant weight is that of the controlled substance itself, and not the entire mixture, substance, pill, capsule, or carrier medium.  U.S.S.G. § 2D1.1(c), Note to Drug Quantity Table (B), (G).  And though mixture or a substance "does not include materials that must be separated from the controlled substance before the controlled substance can be used," § 2D1.1 comment. (n.1), the purpose of putting the THC in butter form is to make it more user friendly.  Indeed, Koss cites no authority holding that only the pure THC should count in the weight calculation.  The district court thus did not clearly err in calculating the drug quantity level.  *See Betancourt*, 422 F.3d at 246.

In its brief, the Government raised a second issue in Koss's favor: whether the district court erred when sentencing Koss to 121 months because the amount of marijuana he was held personally accountable for was less than the 50 kilograms of marijuana charged in the indictment to which he pleaded guilty. That lower amount, if the appropriate measure for assessing the statutory drug quantity element, would result in a five-year statutory maximum.  *See* 21 U.S.C. § 841(b)(1)(D).  Koss adopted this argument in his reply brief.  Although we ordinarily do not review issues raised for the first time in a reply brief, this general rule is viewed differently when, "a new issue

is raised in the appellee's brief and the appellant responds in his reply brief." *United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010) (internal quotation marks and citation omitted); *accord United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009). We thus exercise our discretion to consider the issue.

Because the issue was not raised below, review is for plain error. To demonstrate plain error, Koss must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Koss cannot meet this standard. Our cases reach different conclusions on whether a defendant is subject to a statutory minimum sentence triggered by drug quantity when the relevant conduct attributed to the defendant was less than the quantity of drugs for which the defendant was convicted. *Compare United States v. Morgan*, 292 F.3d 460, 462-65 (5th Cir. 2002), *United States v. Randall*, 595 F. App'x 454, 455-56 (5th Cir. 2015) *with United States v. Guajardo*, 391 F. App'x 384, 385-86 (5th Cir. 2010), *United States v. Gurrusquieta*, 54 F. App'x 592, 2002 WL 31730264 (5th Cir. 2002). But the cited cases finding that the Guidelines-based individual assessment rather than the conspiracy-wide drug quantity govern the mandatory minimum predated *Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013), in which the Supreme Court changed course and held that drug quantity establishing a minimum is an element of the offense and not merely a sentencing enhancement. *See id.* at 2163 (overruling *Harris v. United States*, 536 U.S. 545 (2002)).

The question in this case is whether drug quantity for purposes of the statutory *maximum* is based on the overall drug quantity involved in the offense of conviction or the amount individually attributed to the defendant under the Guidelines. The law is less uncertain in the context of maximums than it is for minimums because drug quantity has been considered an element of the offense since *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In the aftermath of that decision, we explained that "the government need only allege and prove to the jury the bare facts necessary to increase the statutory sentencing maximum *for the conspiracy as a whole.*" *United States v. Turner*, 319 F.3d 716, 722 (5th Cir. 2003) (quoting *Derman v. United States*, 298 F.3d 34, 42-43 (1st. Cir. 2002) (emphasis in original)); *United States v. Akins*, 746 F.3d 590, 611-12 (5th Cir. 2014) ("[O]nce the jury has determined that the conspiracy involved a type of quantity of drugs sufficient to justify a sentence above the default statutory maximum and has found a particular defendant guilty of participation in the conspiracy, the judge lawfully may determine the drug quantity attributable to that defendant and sentence him accordingly." (quoting *Turner*, 319 F.3d at 722). The Fifth Circuit pattern jury instructions reflect this understanding: "Fourth: That the *overall scope of the conspiracy* involved at least _____ (describe quantity) of _____ (name controlled substance)." Fifth Circuit Pattern Jury Instruction § 2.9 (emphasis added).

In this case that did not go to trial, what thus matters for purposes of the statutory maximums is the offenses to which Koss pleaded guilty. The conspiracy offense involved 50 kilograms or more of marijuana as did the substantive offense, for which he could be liable under *Pinkerton v. United States*, 328 U.S. 640 (1946) even if not individually involved in dealing that quantity of drugs.

No. 14-51202

Koss therefore has not demonstrated plain error on this issue. *See Puckett*, 556 U.S. at 135. The judgment is AFFIRMED.