# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30517

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

  Plaintiff - Appellee

v.

RANDY L. RANDALL,

  Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-2307

Before KING, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

  This appeal from the denial of a 28 U.S.C. § 2255 motion raises a single issue: whether the district court erred when it denied, without holding an evidentiary hearing, Randy Randall's claim that one of his attorneys, G. Warren Thornell, was ineffective in advising him to plead guilty to an offense involving five kilograms or more of cocaine. Having carefully reviewed the briefing and the record before us, we conclude that the district court did not err and thus AFFIRM.

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30517

## BACKGROUND

In 2012, Randall pled guilty to, *inter alia*, conspiracy to possess with intent to distribute five kilograms or more of cocaine. A written factual basis for the plea stated that a codefendant had used an apartment listed in Randall's name to stash cocaine. It further stated that when this apartment was searched, 148.8 grams of powder cocaine and 35.2 grams of crack cocaine were found in the closet of the bedroom where Randall was sleeping. The factual basis went on to specify that the "overall scope of th[e] drug conspiracy involved 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine." Randall acknowledged that he had read and signed the written factual basis.

For the drug conspiracy count, a probation officer initially calculated a guidelines range of 70 to 87 months imprisonment based on the 148.8 grams of powder cocaine and 35.2 grams of crack cocaine Randall was responsible for and had knowledge of. But because a conspiracy conviction involving five kilograms or more of cocaine required a statutory minimum sentence of 10 years, *see* 21 U.S.C. § 841(b)(1)(A) (2012),[1] the probation officer recommended a sentence of 120 months imprisonment.

Randall filed a *pro se* motion to withdraw his guilty plea, asserting that his trial attorney had frightened him into accepting the plea by informing him that, in light of his past drug felonies, he "face[d] mandatory life in prison" should he proceed to trial. *See* 21 U.S.C. § 841(b)(1)(A) ("If any person commits a violation of this subparagraph . . . after two or more prior convictions for a

---

[1] We cite the 2012 version of this statute, while noting that this section was amended in 2018, because the incidents giving rise to Randall's conviction occurred in late-2011.

No. 18-30517

felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . ."). The district court denied Randall's motion. It reasoned that Thornell had correctly advised Randall that he would be subject to a statutory minimum of life imprisonment if he was convicted at trial. The court then adopted the probation officer's factual findings and sentenced Randall to 120 months imprisonment on the drug conspiracy count.

Randall's sentence was affirmed on appeal. *United States v. Randall*, 595 F. App'x 454 (5th Cir. 2015). He then filed the instant Section 2255 motion. In relevant part, Randall claimed that Thornell, now deceased, was ineffective for advising him to plead guilty to an offense involving five kilograms or more of cocaine. After the district court denied Randall's motion,[2] this court granted a COA to resolve Randall's ineffective assistance claim, including whether the district court erred when it refused to hold an evidentiary hearing.

## STANDARD OF REVIEW

On appeal from a denial of a Section 2255 motion, this court reviews the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). We review the district court's denial of an evidentiary hearing for an abuse of discretion. *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019).

---

[2] The district court rejected Randall's motion because Randall, in his guilty plea, "unequivocally admitted . . . that he did 'knowingly and intentionally conspire and agree together [with other persons] to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detect[a]ble amount of cocaine[.]'" Randall's guilty plea, however, is irrelevant for purposes of assessing whether Thornell should have advised Randall to accept the guilty plea in the first place.

No. 18-30517

## DISCUSSION

Randall's ineffective assistance of counsel claim is reviewed under the familiar *Strickland* framework. Randall must demonstrate (1) that "counsel's performance was deficient" and (2) "that the deficient performance prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). To demonstrate deficient performance, Randall must show that "counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 688. And to demonstrate prejudice, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

Randall asserts that Thornell erroneously informed him that if he proceeded to trial, he would be subjected to a mandatory minimum sentence of life imprisonment. He contends that Thornell should have known that he was responsible only for the quantity of drugs personally attributable to him. The government responds that Thornell's performance was not deficient because, at the time of Randall's plea, this court's precedents conflicted as to whether a defendant in a drug conspiracy case could be sentenced based on the full drug amount involved in the conspiracy or only the amount attributable to the individual defendant.

We agree with the government that Thornell was not constitutionally deficient. This court has long held that statutory maximums are determined by the drug quantity attributable to the overall conspiracy. *See United States v. Turner*, 319 F.3d 716, 722–23 (5th Cir. 2003). At the time of Randall's case, it was reasonable for Thornell to believe that the same would be true for the

No. 18-30517

statutory minimum at issue here. After all, nothing in the relevant statute requires an individualized drug quantity determination. Rather, a violation "involving 5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine" triggers the ten-year minimum sentence. 21 U.S.C. § 841(b)(1)(A)(ii). Thornell's advice was thus based on a straightforward reading of the statute.

Furthermore, at the time of Randall's plea, this circuit's pattern jury instructions treated drug quantity as an element of the offense and required a conspiracy-wide finding. *See* Fifth Circuit Pattern Jury Instruction § 2.89 (2012). This explains why the factual basis supporting Randall's plea stated "that the overall scope of th[e] drug conspiracy involved 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine." It makes little sense for the factual basis to include the quantity of drugs attributable to the conspiracy if that quantity is not an element of the offense (and one that triggers the ten-year minimum sentence). Tellingly, the prosecutor who drafted the factual basis, defense attorney Thornell, and the trial judge who accepted the plea all presumably believed that the drug quantity attributable to the overall conspiracy established the statutory sentencing range. And the probation officer acted under the same impression.

We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S. Ct. at 2065. That this court decided three years later to limit sentences to the drug quantity attributable to each defendant rather than the minimum indicted amount, *see United States v. Haines,* 803 F.3d 713, 742 (5th Cir. 2015), did not render Thornell's advice below professional standards or

No. 18-30517

constitutionally deficient when he represented Randall.  Counsel are not required to foresee future developments in the law.  *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009).  For the foregoing reasons, Randall has failed to overcome the presumption of attorney effectiveness.

Relatedly, because Randall "cannot establish one . . . of the elements necessary" to his ineffective assistance of counsel claim, "an evidentiary hearing [was] not necessary."  *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995); *see also Hill*, 474 U.S. at 60, 106 S. Ct. at 371.  We thus conclude that the district court did not err when it declined to hold an evidentiary hearing.

## CONCLUSION

The district court's judgment is **AFFIRMED**.